Filed 8/31/16  P. v. King CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>TRISTIN DANTE KING,<br><br>        Defendant and Appellant. | C079389<br><br>(Super. Ct. No. 14F07789) |

Defendant Tristin Dante King was charged with corporal injury on his spouse (the victim) over a period of a month and one-half and with criminal threats.  A jury found him guilty of the corporal injury charge but acquitted him of the criminal threats.  The court sentenced him to 11 years in prison.

On appeal, defendant raises contentions relating to the admission as propensity evidence of two prior acts of domestic violence and the court's failure to give and trial counsel's failure to ask for a unanimity instruction on the corporal injury charge. Disagreeing with defendant's contentions, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

A

*Charged Corporal Injury On A Spouse*

Defendant and the victim are married and have two boys, who at the time of trial were six and eight. They all lived in the same apartment complex as many members of the victim's family. From the beginning of October 2014 to November 17, 2014, defendant's sister (who lived in the unit next door) would hear defendant calling the victim a "bitch, a ho, slut," and telling her she was a bad mother and that their sons were slow and would never amount to anything. The victim's sister would also hear the victim screaming, "stop, get off me," and "something hitting up against the wall." When her sister confronted her about what she had heard, the victim sometimes "would deny everything," but at other times the victim would show her the wounds defendant had inflicted, including nail marks on the victim's neck and bruises on her back and face.

The domestic violence culminated on November 17, 2014. The victim's mother (who also lived next door) heard the victim make a "loud yelp," say "no," and then heard water running. A few hours later, she saw the victim in tears with fresh bruising on her face. The victim told her sisters that defendant "hit her again and to call the police to get help because she couldn't get out of the house." The victim's mother decided it was time to call 911.

When police arrived, the victim hopped out of the window. Police found her hiding in some bushes near her mother's patio. The victim was wearing a lot of face makeup to conceal bumps on her forehead, scratches on her face and neck, and bruising on her face. The victim told police she was injured when she jumped out of the window. The victim testified to the same at trial.

2

B

*Two Prior Acts Of Domestic Violence*

In March 2011, according to a deputy who was called to the scene, defendant beat the victim over an argument about him wanting to sell the family's video game system to buy shoes. The victim testified at trial the incident involved mutual combat.

In June 2014, according to the victim, her mother called police because defendant had threatened to beat up her mother's boyfriend. The victim and defendant had also been arguing, but he did not threaten to beat her up or beat up other members of her family. She did not tell police she was afraid of defendant or that if she tried to leave, defendant would get violent with her.

DISCUSSION

I

*The Court Did Not Err In Admitting Defendant's Prior Acts Of Domestic Violence Under Evidence Code Section 1109 Or Evidence Code Section 352*

Defendant contends Evidence Code section 1109 is unconstitutional under the federal and state constitutions as a violation of due process. He further contends that even if the section is constitutional, the trial court abused its discretion under Evidence Code section 352 in admitting the evidence of uncharged acts. He is wrong on both accounts, as we explain below.

A

*Evidence Code Section 1109 Is Constitutional*

Evidence Code section 1109, subdivision (a)(1), permits the admissibility of prior acts of domestic violence to show the defendant's propensity to commit such violent acts. The section is almost identical with Evidence Code section 1108, subdivision (a), which permits similar propensity evidence in sex offense cases. Both sections depart from the normal limitation on the use of uncharged acts, which are not admissible to show

3

propensity, but must be admitted only to the extent they are relevant to prove some other matter at issue in the case.  (Evid. Code, § 1101, subds. (a) & (b).)

In *People v. Falsetta* (1999) 21 Cal.4th 903, 917, the California Supreme Court upheld the constitutionality of Evidence Code section 1108 against a claim that it violated due process.  The court explained that the procedural protections of that section, which are similar to those in Evidence Code section 1109, protect the defendant's due process rights.  (*Falsetta*, at p. 917.)  Chief among the protections was the limitation on judicial discretion found in Evidence Code section 352.  (*Falsetta*, at p. 917.)

Since *Falsetta*, many California appellate courts have applied the same analysis to Evidence Code section 1109.  (*People v. Cabrera* (2007) 152 Cal.App.4th 695, 704; *People v. Villatoro* (2012) 54 Cal.4th 1152, 1162-1163, fns. 4 & 5; *People v. Johnson* (2010) 185 Cal.App.4th 520, 528-530.)  We, too, agree that Evidence Code section 1109 does not violate either state or federal due process.

B

*The Court Was Within Its Discretion To Admit*

*The Two Prior Acts Of Domestic Violence*

Defendant's second claim with the propensity evidence is that even if Evidence Code section 1109 is constitutional on its face, the trial court abused its discretion in admitting the two prior acts of domestic violence.  Defendant argues the court "completely failed to understand and fulfill its responsibilities under section 352," and that the "unfiltered and unlimited testimony . . . turned a trial for current conduct into a carnival of dramatic details about prior acts."  The record refutes defendant's argument.

As to the March 2011 incident in which defendant beat the victim over an argument about him wanting to sell the family's video game system, the court directed the prosecutor to "limit your prove-up, if necessary, to simply one officer . . . [¶] . . . under 352."  This was in response to the prosecutor's list of potential witnesses regarding this incident that included not just one, but two police officers and a certified copy of

4

defendant's judgment and conviction. Thus, contrary to defendant's argument, the court weighed the probative value against prejudicial effect and concluded that only one officer's testimony was necessary to prove up this incident.

As to the June 2014 incident in which the victim admitted appellant had threatened to beat up her mother's boyfriend but denied she was afraid of him or that he threatened her or other family members that day, the court again said it "wanted to talk about 352." It continued that as to this incident, given the way the prosecutor had stated he wanted to present this prior act (namely, by asking the victim about the incident and then if she denied any portion of it, the People would likely call a police deputy to impeach her with her prior statement), there were no "352 factors here that would suggest to me that the June 18, 2014, incident should have any limitations in the way you present them." This was well within the court's discretion, as the actual presentation of this prior act took up very little time at trial, about 10 pages of testimony, and the prosecutor never ended up calling the police deputy to impeach the victim, even though she denied much of the contents of the police report.

II

*The Court Was Correct In Not Giving A Unanimity Instruction*

*For The Charge Of Corporal Injury On A Spouse;*

*Counsel Was Not Ineffective For Failing To Ask For That Instruction*

Defendant contends the court should have given a unanimity instruction for the charge of corporal injury on a spouse and that his trial counsel was ineffective for failing to request this instruction. Not so, as this was a continuous course of conduct.

"As a general rule, when violation of a criminal statute is charged and the evidence establishes several acts, any one of which could constitute the crime charged, either the state must select the particular act upon which it relied for the allegation of the information, or the jury must be instructed that it must agree unanimously upon which act to base a verdict of guilty. [Citation.] There are, however, several exceptions to this rule.

5

For example, no unanimity instruction is required if the case falls within the continuous-course-of-conduct exception, which arises 'when the acts are so closely connected in time as to form part of one transaction' [citation], or 'when . . . the statute contemplates a continuous course of conduct of a series of acts over a period of time' [citation]. There also is no need for a unanimity instruction if the defendant offers the same defense or defenses to the various acts constituting the charged crime." (*People v. Jennings* (2010) 50 Cal.4th 616, 679.)

It has long been established that corporal injury on a spouse may be charged as a continuous course of conduct. (*People v. Thompson* (1984) 160 Cal.App.3d 220, 225.) Here, it was. The amended information charged defendant with corporal injury on the victim that occurred between October 1, 2014 and November 17, 2014. Consistent with the amended information, the evidence showed a continuous course of abuse by defendant on the victim during this time period. Under these facts, the court was correct in not giving a unanimity instruction for this charge and counsel was not deficient for failing to request one.

DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Mauro, J.

6